**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 DEC 23  PM 3: 19

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| Gerardine Q. Almerico, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A., | ) | **1 : 10 -cv- 1 7 0 3 WTL -MJD** |
| an Ohio professional corporation, ARS | ) | |
| National Services, Inc., a California | ) | |
| corporation, and LVNV Funding, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Gerardine Q. Almerico, individually and on behalf of all others similarly

situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violate

the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and

alleges:

**JURISDICTION AND VENUE**

1.    The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the

FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendants transact business here

**PARTIES**

3.    Plaintiff, Geraldine Q. Almerico ("Almerico"), is a citizen of the State of

1

Indiana residing in the Southern District of Indiana from whom Defendants attempted to collect a consumer debt allegedly owed originally to Citibank.

4.      Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("WWR"), is an Ohio professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, WWR was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, ARS National Services, Inc., ("ARS"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, ARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, WWR was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff

7.      Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, like Defendant WWR.

2

## FACTUAL ALLEGATIONS

8.      Ms. Almerico fell behind in paying her Citibank debt.  At some point in time, Defendant LVNV bought Ms. Almerico's debt and LVNV began attempting to collect the debt through various debt collection agencies.

9.      On September 11, 2009, Defendant LVNV, through another debt collector, Creditors Interchange, sent Ms. Almerico an initial collection demanding that she pay them $1,044.77 for her Citibank debt.  A copy of this letter is attached as Exhibit A.

10.      Thereafter, Defendant LVNV hired Valentine & Kebartas ("V&K") to demand that Ms. Almerico pay them the Citibank debt and, via a letter dated January 15, 2010, V&K and Defendant LVNV demanded that she pay them $1,056.42 for the Citibank debt.  A copy of this letter is attached as Exhibit B.

11.      In a subsequent letter, dated March 5, 2010, V&K and LVNV stated that she then owed them owed $1,058.73 for the Citibank debt.  A copy of this letter is attached as Exhibit C.

12.      On May 10, 2010, Ms. Almerico sued LVNV's agent/debt collector, V&K, in a matter styled Almerico v. Valentine & Kebartas, No. 10-623-RLY-DML (S.D. Ind.), because their collection letter failed to identify LVNV as the current owner of the debt. Through this lawsuit Ms. Almerico, gave notice that she was represented by counsel as to that debt.  A copy of this lawsuit is attached as Exhibit D.

13.      Defendant LVNV then hired ARS to demand payment of the Citibank debt from Ms. Almerico, and on July 8, 2010, Defendants ARS and LVNV sent Ms. Almerico

3

a collection letter which stated that she now owes $1,072.41 for this debt. A copy of this letter is attached as Exhibit E.

14.     Finally, Defendant LVNV hired Defendant WWR to demand payment of the Citibank debt from Ms. Almerico, and on October 26, 2010, Defendants WWR and LVNV sent Ms. Almerico a collection letter which stated that Ms. Almerico now owed $1,147.76 for the Citibank debt. A copy of this letter is attached as Exhibit F.

15.     At no time have any of the Defendants explained how the amount of the debt was calculated, whether interest was still accruing on the debt, and if so the basis for the accrual of interest, was the amount of interest based on the contract rate or a law or statute.

16.     All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

17.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1  254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

4

20.     Defendants knew, or readily could have known, that Ms. Almerico was represented by counsel in connection with this debt because her attorneys had informed Defendant LVNV, through its agent/debt collector V&K that Ms. Almerico was represented by counsel.  By sending collection letters directly to Ms. Almerico despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

21.     Defendants' violations of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation of § 1692e --
### False, Deceptive Or Misleading Statements
### Of The Amount Owed

22.     Plaintiff adopts and realleges ¶¶'s 1-17.

23.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

24.     Defendants' letters violated this provision by increasing the amount owed by an unspecified interest rate, at a rate, or rates, which are neither provided for by contract, nor to which Defendants are entitled by law or statute.

25.     Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  (<u>See</u>, 15 U.S.C. § 1692k).

5

## COUNT III
### Violation Of § 1692g(a)(1) Of The FDCPA –
### Failure To State Adequately The Amount Of The Debt

26.     Plaintiff adopts and realleges ¶¶ 1-17.

27.     Section 1692g(a)(1) of the FDCPA requires that a debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect.  Although Defendants' collection letters stated an amount due, by increasing the amount owed by an unspecified interest rate -- at a rate, or rates, which were neither provided for by contract, nor to which Defendant were entitled by law or statute -- Defendants make it appear as if the amount of the debt was actually some undisclosed, higher amount.  Thus, Defendants' letters failed to inform Plaintiff adequately of the amount of the debt, in violation of §1692g(a)(1) of the FDCPA.  See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872 (7th Cir. 2000); Veach v. Sheeks, 316 F.3d 690, 693-694 (7th Cir. 2003);  Chuway v. National Action Financial Services, Inc., 362 F.3d 944, 947-948 (7th Cir. 2004); and Jones v. Midland Funding, LLC, et al., 2010 WL 5139358 at [*2]-[*3] (D.Conn. 2010).

28.     Defendants' violation of § 1692g(a)(1) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692f Of The FDCPA –
### Unfair And Unconscionable Collection Practices

29.     Plaintiff adopts and realleges ¶¶ 1-17.

30.     Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect, or attempt to collect, any debt in general, and specifically prohibits the addition of any interest that is not provided for by contract or law/statute.  See, 15 U.S.C. § 1692f and f(1).

31.     Defendants' letters violated this provision by increasing the amount owed by an unspecified interest rate, at a rate, or rates, which was neither provided for by contract, nor to which Defendants were entitled by law or statute.

32.     Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gerardine Q. Almerico, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Almerico, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gerardine Q. Almerico, demands trial by jury.

Gerardine Q. Almerico,

By:

One of Plaintiff's Attorneys

Dated:  December 23, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 W. Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com